## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIBREEL FRAZIER, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 24-CV-2242** |
| | : | |
| EXPERIAN INFORMATION | : | |
| SOLUTIONS, | : | |
|     Defendant. | : | |

## MEMORANDUM

**SURRICK, J.**                                                              **AUGUST 1, 2024**

Currently before the Court is the Amended Complaint of *pro se* Plaintiff Jibreel Frazier, which raises claims against Defendant Experian Information Solutions under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). For the following reasons, the Amended Complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

In the initial Complaint, Frazier claimed that he notified Experian of inaccurate and incomplete information on his consumer report and that Experian failed to properly investigate and correct the information. (Compl. at 3, 7.)[2] Specifically, Frazier alleged that on or about May 8, 2024, he used the Experian dispute center to dispute the completeness and accuracy of a

---

[1] Frazier is a frequent litigant in this Court. *See, e.g., Frazier v. Early Warning Services, LLC*, Civ. A. No. 24-1930 (E.D. Pa.); *Frazier v. Transunion LLC*, Civ. A. No. 24-0264 (E.D. Pa.); *Frazier v. Transunion LLC*, Civ. A. No. 23-4703 (E.D. Pa.); *Frazier v. Transunion, LLC*, Civ. A. No. 23-4453 (E.D. Pa.); *Frazier v. Equifax Information Services*, Civ. A. No. 23-4157; *Frazier v. Synovus Financial Corp.*, Civ. A. No. 23-3698 (E.D. Pa.); *Frazier v. TransUnion*, Civ. A. No. 23-3637 (E.D. Pa.); *Frazier v. Synovus Financial Corp.*, Civ. A. No. 23-3444 (E.D. Pa.); *Frazier v. Connexus Credit Union*, Civ. A. No. 23-2083 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 23-1097 (E.D. Pa.); *Frazier v. Transunion*, Civ. A. No. 23-0627 (E.D. Pa.); *Frazier v. Trans Union*, Civ. A. No. 22-2896 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 22-2887 (E.D. Pa.); *Frazier v. Experian PLC*, Civ. A. No. 22-1430 (E.D. Pa.); *Frazier v. Capital One Auto Finance*, Civ. A. No. 21-5301 (E.D. Pa.); *Frazier v. Capital One*, Civ. A. No. 21-4397 (E.D. Pa.).

[2] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Verizon Wireless account, as well as a Kickoff Lending LLC account.  (*Id.* at 7.)  He contended that Experian finished its investigation on or about May 21, 2024, and he was notified of the results through its dispute portal.  (*Id.* at 7-8.)

With respect to the Verizon Wireless account, Frazier claimed that Experian falsely stated that the disputed item was updated.  (*Id.* at 8.)  Frazier asserted that inaccurate information was reported "in the Payment history, monthly payment, recent payment, and status" fields, and referenced Exhibit A to his Complaint.  (*Id.*)  He alleged that there was a "plethora of inaccuracies" and that "[i]t is evident Experian failed to complete an investigation with regards to the completeness and/or accuracy, as they verified contradicting information"  (*Id.*)

With respect to the Kickoff Lending LLC account, Frazier averred that after he was notified by Experian that the disputed information had been updated, "inaccurate information [was] being reported in the status, recent payment, status, and payment history" fields.  (*Id.* at 9.)  He referenced Exhibit B to his Complaint in support of this assertion.  (*Id.*)  He claimed that Experian failed to complete an investigation as to the completeness and accuracy of his information.  (*Id.*)

Frazier asserted that his credit worthiness was negatively impacted because the credit reporting is materially misleading and is being interpreted incorrectly.  (*Id.* at 10.)  He claimed that his credit report was disseminated multiple times, resulting in the denial of credit by Unify Financial FCU on April 29, 2024.  (*Id.*)  As relief, Frazier sought damages and the deletion of the disputed accounts.  (*Id.* at 14.)

In a Memorandum and Order dated July 2, 2024, Frazier was granted leave to proceed *in forma pauperis* and the Complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  (ECF Nos. 6, 7.)  The Court determined that Frazier failed to sufficiently

identify the alleged inaccuracies in his consumer report.  (*See* ECF No. 6 at 6-8.)  The Court explained that Frazier failed to set forth facts describing what inaccurate information was included in the consumer report, and failed to allege any facts about how the information was inaccurate.  (*Id.* at 7.)  The Court further explained that it would not speculate as to any claims based on the exhibits attached to the Complaint, and that Frazier's claims were pled in a wholly conclusory manner.  (*Id.* at 7-8.)  Frazier was allowed thirty-days leave to file an amended complaint.  He did so on July 7, 2024.  (*See* ECF No. 8, "Am. Compl.".)[3]  Accordingly, the Court will screen the Amended Complaint pursuant to 28 U.S.C. § 1915.

In the Amended Complaint, Frazier again alleges that he reviewed his Experian consumer report on May 1, 2024 and noticed that it contained false and inaccurate information.  (Am. Compl. at 3.)  He used Experian's dispute center on or about May 8 to dispute the completeness and accuracy of a Verizon Wireless account and a Kickoff Lending LLC account.  (*Id.* at 7.)  Frazier was notified of the investigation results on the dispute portal on May 21.  (*Id.*)  He avers that the consumer report continues to contain inaccurate information as of July 4.  (*Id.*)

With regard to the Verizon Wireless account, Frazier claims that the consumer report contains incomplete and inaccurate information in the payment history, monthly payment, recent payment, and status sections.  (*Id.* at 8.)  He contends that Experian reported "inaccurate/incomplete information in the payment section for the months of April and May" and that Experian "has failed to properly furnish this information."  (*Id.*)  According to Frazier, the information cannot be relied upon because it contains "a plethora of inaccuracies."  (*Id.* at 9.)  Frazier asserts that Experian failed to "provide a file upon request, verified inaccurate

---

[3] Frazier submitted a form complaint, along with an additional document titled "Complaint."  The Court will consider these documents together to constitute Frazier's Amended Complaint.  (*See* Am. Compl. at 1-22.)

information, and verify contradicting information." (*Id.*)  In support of these statements, he directs the Court to "refer to Exhibit A." (*Id.* at 8.)

With regard to the Kickoff Lending account, Frazier contends that Experian "continues to report incomplete and inaccurate information in the status, recent payment, terms, and payment history sections." (*Id.* at 10.)  Frazier asserts that Experian "has reported inaccurate/incomplete information in the payment section for the months of March and April." (*Id.*)  Frazier claims that Experian "failed to properly furnish" the "recent payment and monthly payments sections" and the "term frequency section" of the consumer report. (*Id.*)  He refers the Court to Exhibit B in support of these allegations. (*Id.*)  Frazier again contends that the information reported by Experian with respect to this account cannot be relied upon due to "a plethora of inaccuracies." (*Id.* at 11.)  He also asserts that Experian failed to "provide a file upon request, verified inaccurate information, and verify contradicting information." (*Id.*)

Frazier claims that his credit worthiness has been negatively impacted because the credit reporting is "materially misleading and is being interpreted incorrectly." (*Id.*)  He contends that his credit report was disseminated multiple times and he was denied credit by Unify Financial FCU on April 29, 2024. (*Id.* at 12.)  He also claims to have suffered emotional harm. (*Id.*)  According to Frazier, Experian's conduct was "willful and carried out in a reckless disregard" for his rights. (*Id.*)  As relief, Frazier seeks monetary damages and the deletion of the disputed accounts from his consumer report. (*Id.* at 4, 15.)

## II.    STANDARD OF REVIEW

Since Frazier is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. The Court must determine whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted).  An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

## III.    DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting

*Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness."  *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[4]

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry.  *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy."  *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."  15 U.S.C. § 1681i(a)(1)(A).  To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting

---

[4] The FCRA provides for civil liability for noncompliance due to willfulness and negligence.  *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).  A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms.  *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)). A consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

   To proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."). A court "does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under § 1681i unless the information contained in the report is inaccurate." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (cleaned up); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 120 (E.D.N.Y. 2020), *aff'd*, 994 F.3d 88 (2d Cir. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).

Frazier asserts several claims based on the alleged failures of Experian to fulfill its responsibilities under § 1681e(b) and § 1681i(a) of the FCRA.  (*See* Am. Compl. at 7-10.)[5]  The Court, therefore, first must consider whether Frazier plausibly alleged that his consumer report contained inaccurate information.  Frazier again fails to sufficiently address this threshold question.

Frazier claims that after he notified Experian of inaccuracies in his Verizon Wireless account and Experian reported that the account had been updated, Experian "continues to report incomplete and inaccurate information in the payment history, monthly payment, recent payment, and status section," referring to Exhibit A.  (*See id.* at 8.)  He alleges that Experian "has reported inaccurate/incomplete information in the payment section for the months of April and May."  (*Id.*)  Frazier also alleges that Experian reported inaccuracies in the "status, recent payment, terms, and payment history sections" of the Kickoff Lending account.  (*Id.* at 10.)  He claims that Experian reported "inaccurate/incomplete information in the payment section for the months of March and April."  (*Id.*)  Frazier further contends that Experian "failed to properly furnish" information with respect to the term frequency section of this account.  (*Id.*)  He references Exhibit B in support of these assertions.  (*Id.*)

While Frazier offers descriptions of the various fields on his consumer report (*see id.* at 8-10), he presents no further factual allegations in support of his assertions that the noted fields

---

[5] Frazier contends that Experian: failed to follow reasonable procedures to assure maximum possible accuracy of credit reports it prepared concerning Frazier, in violation of § 1681e(b); failed to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the status of the disputed information or to delete the item from Frazier's credit files, in violation of § 1681i(a)(1); failed to comply with the reinvestigation requirements of § 1681i(a)(2)(A) by "failing to provide third parties Verizon Wireless and Kickoff Lending with all relevant information regarding" his disputes; failed to review and consider all relevant information submitted by Frazier in violation of § 1681i(a)(4); and violated § 1681i(a)(5)(A) by failing to promptly delete or modify the disputed items of information.  (Am. Compl. at 7-10.)

are inaccurate or incomplete.  Therefore, Frazier's Amended Complaint suffers from the same deficiencies found in his initial Complaint.  As explained in the Court's July 2 Memorandum, and as the Court has explained in numerous prior civil actions filed by Frazier, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate.  *See Bibbs*, 43 F.4th at 342-43; *Angino*, 784 F. App'x at 69.  Here, Frazier has not clearly set forth facts describing what inaccurate or incomplete information was included in his consumer report, nor alleged any facts about how the information was inaccurate or incomplete.

In *Williams v. Experian Information Solutions, Inc.*, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (*per curiam*), the United States Court of Appeals for the Third Circuit affirmed the dismissal of a plaintiff's FCRA claims that consisted "almost entirely of conclusory allegations" of "inaccurate" information.  The court found that the plaintiff failed to "allege how or why . . . [the information at issue] was inaccurate or how Experian should have reported it. Without any allegations in that regard, . . . [the plaintiff's] complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy."  *Id.*  The court pointed out, as an example, that the plaintiff "did not specify whether the . . . account information was inaccurate because he did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his."  *Id.* at *1 n.2.  In the case at bar, Frazier's Amended Complaint similarly lacks factual support and simply does not allege how the information is inaccurate.  As pled, the Amended Complaint does not permit the reasonable inference that the information contained in Frazier's Experian consumer report pertaining to the Verizon Wireless and Kickoff Lending accounts is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect."  In addition, as has repeatedly been explained to Frazier in prior

Memoranda, the Court will not speculate as to his claims based on the exhibits attached to his pleading. *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

Even under a liberal construction of the Amended Complaint, Frazier has failed to allege sufficient facts to support a plausible inference of a claim under § 1681e(b) or § 1681i(a) and his case will be dismissed. *See, e.g., Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report); *Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that permitting proposed amended complaint would be futile where plaintiff failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report).[6]

---

[6] Furthermore, as noted above, Frazier again cites to various sections of the FCRA and alleges that Experian failed to comply with the statutory requirements of § 1681e(b) and § 1681i(a). (*See* Am. Compl. at 12-15.) However, his allegations concerning Experian's actions, or lack thereof, are wholly conclusory. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss Frazier's Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Frazier had two opportunities to allege plausible claims.  The Court concludes that a further opportunity to amend would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  An appropriate Order dismissing this case follows.


**BY THE COURT:**


 */s/ R. Barclay Surrick*_____
**R. BARCLAY SURRICK, J.**

---

merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).